UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED "KEVIN" WILLHITE,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY, DAVID CARPENTER, AND DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | No. 2:14-cv-02846-TLN-KJN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

This matter is before the Court pursuant to Plaintiff Alfred "Kevin" Willhite's ("Plaintiff") motion to remand and for attorney's fees and costs. (ECF No. 4.) Defendants International Paper Company ("IPC") and David Carpenter ("Carpenter") (collectively "Defendants") have filed an opposition to Plaintiff's motion. (ECF No. 5.) The Court has carefully considered the arguments raised in Plaintiff's motion and reply, as well as Defendants' opposition. For the reasons set forth below, Plaintiff's motion to remand is GRANTED. The motion for attorney's fees is DENIED.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was an employee of IPC and its acquired companies from October 8, 1998, through September 29, 2014. (Compl., ECF No. 1 at ¶ 15.) During the period giving rise to the instant allegations, Plaintiff worked at IPC's plant in Elk Grove, California as a shipping

1

supervisor. (ECF No. 1 ¶ 4.) Defendant Carpenter was a plant manager at the Elk Grove plant, resides in California, and during the relevant time period exercised some supervisory role over Plaintiff. (ECF No. 1 ¶¶ 6, 12, 19.) Plaintiff alleges that in March of 2013 he was asked to become a class representative for a class action lawsuit on behalf of supervisors statewide who felt they were being subjected to California Labor Code violations, and (it appears) Plaintiff agreed to serve in this role. (ECF No. 1 at ¶¶ 17, 18.) Plaintiff alleges that IPC and Carpenter learned of his involvement in the class action and began a course of retaliation, which included racial harassment and defamation. (ECF No. 1 at ¶¶ 19 & 22.) Plaintiff states that in January, 2014, Carpenter gave Plaintiff his first substandard review, and in April, 2014, Carpenter placed Plaintiff on a "90-day performance plan". (ECF No. 1 at ¶¶ 19–20.) Plaintiff alleges that race was a motivating factor in the decision to harass and fire Plaintiff. (ECF No. 1 at ¶ 22.) Ultimately, Plaintiff was terminated.

In the complaint, Plaintiff brings claims solely against ICP for wrongful termination, retaliation, racial discrimination, breach of implied contract, and breach of covenant of good faith and fair dealing. (ECF No. 1 at 12–13) Plaintiff also brings two claims against Carpenter and ICP, for racial harassment under Cal. Gov. Code § 12940 *et seq.* and defamation. (ECF No. 1 at 12–13.)

Plaintiff originally filed the complaint in Sacramento County Superior Court, on November 4, 2014. (ECF No. 1.) The case was removed to this Court on December 4, 2014, on the basis of diversity jurisdiction. (ECF No. 1.) Plaintiff filed the instant motion to remand and for attorney's fees on December 12, 2014, and Defendants filed an opposition on December 31, 2014. (ECF Nos. 4 & 5.) Plaintiff filed a reply on January 6, 2015. (ECF No. 6.) The issue on the instant motion to remand is whether Carpenter is a "sham," or fraudulently joined defendant, whose presence in the lawsuit defeats diversity, but against whom no cause of action is actually viable.

**II.  STANDARD OF LAW**

A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different states." 28 U.S.C. §

2

1332(a)(1). Complete diversity of citizenship requires each plaintiff to be a citizen of a different state from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). Allegations of fraudulent joinder can succeed on a showing that the "plaintiff fails to state a cause of action against [the] defendant, and the failure is obvious according to the well-settled rules of the state [.]" *United Computer Sys., Inc. v. AT & T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002) (citing *Morris,* 236 F.3d at 1067). The removing defendant has the burden to show that the non-diverse defendant is a sham or was fraudulently joined by "clear and convincing" evidence. *Hamilton Materials, Inc. v. Dow Chemical Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007).

For purposes of determining fraudulent joinder, Courts have employed the pre-*Twombly* "no set of facts" standard of *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957), to assess whether under the facts alleged, the plaintiff can state a claim for relief. *See Wong v. Michaels Stores, Inc.,* 2012 WL 718646, at *5 (E.D. Cal. Mar. 5, 2012) ("*Twombly* and *Iqbal* clarify the federal pleading standard set forth by Rule 8(a) but make no comment as to the propriety of pleading under California law. For this reason, courts have refused to apply the *Twombly* and *Iqbal* standards to determine whether a defendant was fraudulently joined"). Further, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. [] Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (citing *Burris v. AT&T Wireless, Inc.,* 2006 WL 2038040, at *2 (N.D. Cal. Jul. 19, 2006)).

In determining whether a defendant was joined fraudulently, the courts must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992). Ultimately, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

3

in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Indeed, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing *Smallwood v. Illinois Central R.R. Co.,* 385 F.3d 568, 573–74 (5th Cir. 2003)).

### III.  MOTION TO REMAND

It is undisputed that both Plaintiff and Carpenter are residents of California and during the relevant time period both worked for IPC in California. As such, diversity is not present, and remand must occur, unless Defendants can show that Carpenter was fraudulently joined.

For Plaintiff's claim of racial harassment under Cal. Gov. Code § 12940 *et seq*. to prevail, Plaintiff must show he was subjected to a workplace social environment that "becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.* 47 Cal. 4th 686, 706 (2009). "[H]arassment consists of a type of conduct not necessary for performance of a supervisory job. Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job." *Reno v. Baird*, 18 Cal. 4th 640, 645–46 (1998) (citing *Janken v. GM Hughes Electronics* 46 Cal. App. 4th 55, 63–65 (1996). "[C]ommonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment." *Id.* at 646–47 (citing *Janken*, 46 Cal. App. 4th at 63–65.)

The specific allegations in the complaint regarding harassment are that Plaintiff was asked to become a class representative for a class action lawsuit on behalf of supervisors who felt they were being subjected to California Labor Code violations, and that Carpenter learned of this and began to retaliate against Plaintiff; the retaliation was also motivated by Plaintiff's race as an African American. The complaint states that Carpenter criticized Plaintiff's work for the first time in an annual employment review and unreasonably placed Plaintiff on a 90-day performance review plan. (ECF No. 1 ¶ 86.) Plaintiff's slightly different characterization in the motion to remand is "that Carpenter was [Plaintiff's] supervisor; that he had been successfully sued for racial discrimination in the past; that Plaintiff is African American; that Carpenter treated him unfairly, ridiculed his work, and intentionally wrote false evaluations of him; and knowingly violat[ed] California law by retaliating, against only Plaintiff, for exercising his legal rights as an employee of [IPC]." (ECF No. 4 at 9.)

In opposition, Defendants have submitted a short declaration (ECF No. 1-4) from Carpenter, which sets "forth the history of Plaintiff's performance issues, Defendants' efforts to assist Plaintiff in improving his performance, and the fact that Plaintiff was ultimately terminated for failure to meet IP[C]'s expectations of its Shipping Supervisors." (ECF No. 5 at 4.) In essence, Defendants' declaration shows there is a dispute about Carpenter's actions which Plaintiff alleges constitute harassment. Defendants also point out that the only specific conduct alleged falls within personnel actions. However, allegations that "Carpenter treated [Plaintiff] unfairly, ridiculed his work, and intentionally wrote false evaluations of him," do not necessarily fall within personnel actions. (ECF No. 4 at 9.) Accordingly, the Court cannot draw the conclusion that under no set of facts could Plaintiff maintain a claim against Carpenter. *Wong*, 2012 WL 718646 at *5; *Nasrawi*, 776 F. Supp. 2d at 1170.

Defendants do not dispute that Carpenter actually supervised Plaintiff for a number of years and was responsible for evaluating him. Nor do they dispute that any relevant activity must have taken place in California, where they both worked and resided. Carpenter strongly rejects Plaintiff's allegations. However, the Court is left with an "inability to make the requisite decision in a summary manner itself" because there are not enough undisputed facts present. *Hunter*, 582

F.3d at 1044.  Accordingly, Defendants do not meet their burden of showing removal is proper.[1]

## IV. ATTORNEY'S FEES AND COSTS

On granting a motion for remand, the Court may order Defendants to pay Plaintiff "just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. … The Court therefore gives the statute its natural reading: Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005).  Given the brevity and lack of specificity of Plaintiff's allegations against Carpenter, the Court cannot find that Defendants lacked an objectively reasonable basis for removal.  Accordingly, Plaintiff's motion for attorneys' fees and costs is DENIED.

## V.  CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Plaintiff's motion to remand and DENIES Plaintiff's motion for attorneys' fees and costs.[2]  (ECF No. 4.)

IT IS SO ORDERED.

Dated:  May 5, 2015

Troy L. Nunley
United States District Judge

---

[1] Because the Court does not find Plaintiff has fraudulently joined Carpenter via his harassment claim, it does not address Plaintiff's defamation claim.

[2] Defendants' motion to dismiss (ECF No. 3) is moot.